BRYAN, Justice
(dissenting).
I respectfully dissent from the main opinion’s reversal of the trial court’s summary judgment in favor of Denise Dough-erty, R.N., and its remand of the cause for further proceedings. In its order, the trial court found that “[Tammie L. Boyles] had retained an expert to testify on Dougherty’s breach of the standard of care” but that, “[i]n the instant case, there is no qualified expert opinion as to causation.” The trial court went on to conclude: “Because [Boyles] lacks an expert capable of testifying as to causation, there has been no evidence presented to the Court that [Boyles’s] child’s injuries were probably the result of a breach of the standard of care by Dougherty.” I agree with Justice Stuart that these statements indicate that the trial court did not consider Boyles’s expert, Registered Nurse Lauren Cooper, qualified to give expert testimony regarding the cause of the child’s injury.
It is well established that, “[i]n a medical malpractice case, the plaintiff must prove by expert testimony that the [health-care provider] breached the standard of care and by the breach proximately caused the plaintiffs injury.” See University of Alabama Health Servs. Found., P.C. v. Bush, 688 So.2d 794, 798 (Ala.1994). Boyles has not argued on appeal that the trial court erred in finding that Cooper was not qualified to testify as an expert on the issue of causation, and Boyles did not present any other expert testimony as to that issue. Thus, she has not demonstrated that the trial court erred in finding either that “there [was] no qualified expert opinion as to causation” presented in this case or that Dougherty was entitled to a summary judgment on that basis. Therefore, I would affirm the trial court’s judgment.